MARTHA J. SIMON (State Bar No. 98251)
**LAW OFFICES OF MARTHA J. SIMON**
155 Montgomery Street, Suite 1004
San Francisco, California 94104
Telephone: (415) 434-1888
Facsimile: (415) 434-1880

Attorneys for Secured Creditor
Saxe Mortgage Company

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 14-31867 DM |
| | Chapter 11 |
| | RS No. MJS-1 |
| Brugnara Properties VI | SAXE MORTGAGE COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362(a) |
| Debtor | Date: March 19, 2015<br>Time: 9:30 a.m.<br>Place: Crtrm. of the Hon. Dennis Montali<br>(23rd Floor)<br>235 Pine St, San Francisco, CA |

Secured Creditor Saxe Mortgage ("Saxe Mortgage"), by and through its counsel, hereby moves this Court for entry of an order terminating the automatic stay in the above-captioned Chapter 11 case filed by Brugnara Properties VI ("Debtor"). This motion is brought pursuant to United States Bankruptcy Code §362(d)(1) for "cause" including a lack of adequate protection, and pursuant to §362(d)(2), as the Debtor lacks equity in real property, which is not necessary for an effective reorganization. The grounds for the Motion are more particularly set forth below and in the Declaration of Gene Kristul in support of this motion (" Kristul Declaration") filed concurrently herewith.

# **FACTS**

Saxe Mortgage is a secured creditor and the holder of a Note Secured by a Deed of Trust Trust with respect to certain real property owned by the Debtor located at as 224 Sea Cliff Avenue, San Francisco, CA 94121 ("Property"). Pursuant to the terms of the Note, the Debtor agreed to pay Saxe Mortgage the principal amount of $1,700,000, plus interest at the rate of twelve percent (12%) per annum. Pursuant to the Note, Debtor also agreed to pay to Saxe Mortgage 35 interest-only payments in the amount of $17,000 per month starting August 15, 2013, with a balloon payment in the amount of $1,717,000 due July 15, 2016 (Kristul Decl. at ¶2).

As an accommodation to the Debtor who had no available cash and whose principal represented that he was attempting to refinance the Property, 12 months of pre-paid interest were included in the loan. The Debtor has failed to make any payments to Saxe Mortgage on account of the loan (Kristul Decl. at ¶4). Also at the time of the making of the loan, the Debtor was delinquent in payments to Wells Fargo, which held a $6,000,000 senior deed of trust. Consequently, Saxe Mortgage advanced 12 monthly payments to Wells Fargo in the aggregate amount of $204,000 (Kristul Decl. at ¶5).

As a result of the Debtor's failure to pay the amount of $40,689.60 that was due and owing as of October 1, 2014, Saxe Mortgage proceeded with foreclosure of the Property by recording its Notice of Default on October 2, 2014. No funds have been received on account of the debt since the recording of the NOD (Kristul Decl. at ¶6).

Pursuant to an appraisal dated June 20, 2013, made at the time Saxe Mortgage made its loan to the Debtor, the Property had a value of $16,850,000. Now, according to Zillow.com, the Property is worth only $9,626,392. As set forth in the Preliminary Title Report dated February 2, 2015, the liens recorded against the Property far exceed the debt owing on account of Saxe Mortgage's lien and that of the senior lender.

Case: 14-31867    Doc# 17    Filed: 03/02/15    Entered: 03/02/15 15:22:02    Page 2 of 5

The following liens and encumbrances are of record against the Property:

| | |
|---|---|
| State Tax Liens: | $5,763,200.00 |
| Federal Tax Liens: | $4,029,224.00 |
| City and County Taxes: | $   49,919.00 |
| Refuse Liens: | $        2,206.00 |
| 1st Trust Deed: | $6,000,000.00 |
| (WFB successor to World Savings, Exception #11) | |
| 2nd Trust Deed: | $1,700,000.00 |
| (Saxe Mortgage, Exception #21) | |
| 3rd Trust Deed: | $  500,000.00 |
| (Richard W. Wieking, Clerk, USDC Exception #30) | |
| Abstract of Judgment (Recorded 4/30/2007): | $  355,237.00 |
| Abstract of Judgment (Recorded 1/17/2008): | $      4,974.00 |
| **TOTAL LIENS** | **$18,404,760.00** |

(Kristul Decl. at ¶9).

As of February 4, 2015, the total amount due and owing under the Note is in the amount of $1,835,151,78, including accrued interest from July 5, 2014 to February 4, 2015. (Kristul Decl. at ¶8).

In addition to Debtor's numerous and continuing financial defaults, it is apparent that Debtor has little commitment in pursuing its Chapter 11 case for the benefit of creditors and the estate. It stretches credulity to think that a debtor that fails to appear at its First Meeting of Creditors, fails to comply with requests from the United States Trustee for required documentation and information in connection with its Chapter 11 filing, and whose principal was in judicial custody, then escaped, was recaptured and is currently in custody, is serious about proposing a viable Chapter 11 plan.

## ARGUMENT

**I.  Relief from Stay is Appropriate Pursuant to 11 U.S.C. §362(d)(1) for "Cause"**

Pursuant to 11 U.S.C.§362(d), the Court shall grant relief from the automatic stay:

> (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;

"Cause" for purposes of Bankruptcy Code section 362(d)(1) is not defined in the Code, and therefore should be determined on a case-by-case basis. *See, In re Conejo Enterprises, Inc.*, 96 F.3d 346, 352 (9th Cir. 1996).

In the instant case, there is substantial "cause" for the Court to exercise its discretion and grant relief from the automatic stay. As a preliminary matter, there is no question that the Debtor filed the instant case *solely* to prevent Saxe Mortgage from enforcing its remedies against its

Case: 14-31867    Doc# 17    Filed: 03/02/15    Entered: 03/02/15 15:22:02    Page 3 of 5

In re Brugnara Properties VI                                                    Case No. 14-31867 DM
MOTION FOR RELIEF FROM AUTO. STAY
Page 3

collateral. The Property is the Debtor's sole asset, as indicated in its Schedules. Unsecured debts include utilities and $15,000 scheduled to Debtor's counsel and $10,000 to Debtor's housekeeper. Debtor's Debtor's continuing financial default, and its failure to make any payments to Saxe Mortgage, demonstrates ample "cause" under Bankruptcy Code Section 362(d)(1) to grant immediate relief from the automatic stay.

**II. As There is No Equity in the Property, Relief is Warranted Pursuant to 11 U.S.C. §362(d)(1)**

Section 362(d)(2) of the Bankruptcy Code provides that the Court terminate the automatic stay where there is no equity in estate property and the property is not necessary to an effective reorganization. The numbers here militate in favor of relief from stay. While the Property was worth some $16.8 million at the time Saxe Mortgage made its loan to the Debtor, today it is worth less than $9.7 million. Outstanding federal, state and local tax liens and encumbrances against the Property total some $10 million. Other liens and encumbrances are in the $8 million range. To propose that a refinancing of the Property could serve as a basis for a plan of reorganization is pure folly, given the stark numbers in this case. There is no possibility of a sale of the Property. As it is hopelessly under water, relief from stay is warranted.

**III. Relief from Stay is Warranted due to Debtor's Failure to Perform its Chapter 11 Duties**

Debtor's conduct in this case is a compelling reason to terminate the automatic stay. That Debtor intends to prosecute the Chapter 11 for the benefit of creditors and the estate is highly doubtful. Debtor failed to appear at its First Meeting of Creditors; Debtor has repeatedly failed to comply with requests from the United States Trustee for required documentation and information in connection with its Chapter 11 filing; and Debtor's principal was in judicial custody, escaped, was captured and is currently in federal custody. A Chapter 11 case straddled with these impediments is a poor prospect for success. As the Debtor has given no indication of its intention to file a plan; as the Property lacks equity in the Property; there is no source of income for the Chapter 11 Estate; and as the Property cannot provide equity to support a reorganization plan, ample cause exists to lift the automatic stay.

# CONCLUSION

For the foregoing reasons, Saxe Mortgage Company respectfully requests that the Court:

1. Grant its Motion for Relief from the Automatic Stay, and allow Saxe Mortgage to proceed with its state law rights and remedies, including but not limited to foreclosing upon and gaining possession of the Property;

2. Waive the provisions of Section 4001(d); and

3. For such other relief as the court deems just and proper.

LAW OFFICES OF MARTHA J. SIMON

Dated: March 2, 2015              /s/ Martha J. Simon
MARTHA J. SIMON
Attorneys for Secured Creditor
Saxe Mortgage Company