Martha J. Simon (State Bar No. 98251)
LAW OFFICES OF MARTHA J. SIMON
155 Montgomery Street, Suite 1004
San Francisco, California 94104
Telephone: (415) 434-1888
Facsimile: (415) 434-1880

Attorneys for Secured Creditor
Saxe Mortgage Company

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re | ) Case No. 14-31867 |
|  | ) |
|  | ) Chapter 11 |
| Brugnara Properties IV | ) |
|  | ) RS No. MJS-1 |
|  | ) |
|  | ) DECLARATION OF GENE KRISTUL |
|  | ) IN SUPPORT OF MOTION FOR RELIEF |
|  | ) FROM THE AUTOMATIC STAY OF |
| Debtor. | ) 11 U.S.C. §362(a) |
|  | ) |
|  | ) Date: March 19, 2015 |
|  | ) Time: 9:30 a.m. |
|  | Place: Crtrm. of the Hon. Dennis Montali |
|  | (23rd Floor) |
|  | 235 Pine St, San Francisco, CA |

I, GENE KRISTUL, declare as follows:

1.  I am the owner of Saxe Mortgage Company ("Saxe Mortgage"), the moving party and secured creditor in the above-entitled action. In that capacity, I am also the custodian of the books, records and files pertaining to Brugnara Properties IV ("Debtor"). I have reviewed said books, records and files, and as to the following facts I know them to be true of my own personal knowledge or I have gained knowledge of them from business records maintained in the ordinary course of business by Saxe Mortgage, its agents and employees.

2.  Saxe Mortgage is a secured creditor and the holder of a Note Secured by a Deed of Trust with respect to certain real property known as 224 Sea Cliff Avenue, San Francisco, CA 94121 ("Property"). True and correct copies of the Note dated June 25, 2013, and the Deed of

Trust recorded July 12, 2013 in the San Francisco County Recorder's Office are attached hereto as Exhibits A and B, respectively.

3. Pursuant to the terms and conditions of the Note, the Debtor agreed to pay to Saxe Mortgage the principal amount of $1,700,000, plus interest at the rate of twelve percent (12%) per annum. Also pursuant to the Note, Debtor agreed to pay to Saxe Mortgage 35 interest-only payments in the amount of $17,000 per month starting August 15, 2013, with a balloon payment in the amount of $1,717,000 due on July 15, 2016.

4. As an accommodation to the Debtor who had no available cash and who represented that he was attempting to refinance the Property, Saxe Mortgage included 12 months of pre-paid interest in the loan. In fact, the Debtor has never made any payments to Saxe Mortgage on account of the loan.

5. At the time Saxe Mortgage made the loan, it was and continues to be, junior to a senior deed of trust recorded April 6, 2006 held by Wells Fargo Bank ("WFB"), in the approximate amount of $6,000,000. Also, at the time of the making of the loan, the Debtor was delinquent in payments to Wells Fargo. Consequently, Saxe Mortgage advanced 12 monthly payments to Wells Fargo in the aggregate amount of $204,000.

6. As a result of the Debtor's failure to pay on account of its loan to Saxe Mortgage, Saxe Mortgage recorded a Notice of Default on October 2, 2014 ( Exhibit C attached hereto). As set forth in the NOD, the amount of $40,689.60 was due and owing as of October 1, 2014. No funds have been received on account of the debt since the recording of the NOD.

7. According to an Appraisal dated June 20, 2013, when Saxe Mortgage made its loan to the Debtor, the Property had a value of $16,850,000. Today, I am informed and believe, that according to Zillow.com, the Property has a current value of only $9,626,392.

8. As part of my duties in managing Saxe Mortgage's loan to the Debtor, I obtained a Preliminary Title Report from Stewart Title of California, Inc., dated February 2, 2015. The Preliminary Title Report shows that the liens recorded against the Property far exceed the debt owing under Saxe Mortgage's deed of trust and under the deed of trust securing the senior lender, Wells Fargo.

In summary, according to the Preliminary Title Report, the Property is encumbered as follows:

| | |
|---|---|
| State Tax Liens: | $5,763,200.00 |
| Federal Tax Liens: | $4,029,224.00 |
| City and County Taxes: | $      49,919.00 |
| Refuse Liens: | $        2,206.00 |
| 1st Trust Deed: | $6,000,000.00 |
| (WFB successor to World Savings, Exception #11) | |
| 2nd Trust Deed: | $1,700,000.00 |
| (Saxe Mortgage, Exception #21) | |
| 3rd Trust Deed: | $    500,000.00 |
| (Richard W. Wieking, Clerk, | |
| USDC Exception #30) | |
| Abstract of Judgment (Recorded 4/30/2007): | $    355,237.00 |
| Abstract of Judgment (Recorded 1/17/2008): | $        4,974.00 |
| **TOTAL LIENS** | **$18,404,760.00** |

9.     As of February 4, 2015, the total amount due and owing under Saxe Mortgage's Note was $1,835,151.78, including accrued interest from July 5, 2014 to February 4, 2015. Debtor's loan from Saxe Mortgage continues to accrue interest and costs. A true and correct copy of Saxe Mortgage's Payoff Statement pertaining to the Note is attached hereto as Exhibit D. As the summary of encumbrances in Paragraph 8 above shows, federal, state and local liens against the Property total more than $9,800,000; the original amount of the three deeds of trust totals $8,200,000; and judgments against the Property total more than $360,000.00. There is clearly no equity available for the benefit of the bankruptcy estate.

10.     Debtor's commitment to pursuing and Chapter 11 case for the benefit of creditors and the estate is questionable. I am informed and believe that Luke D. Brugnara, who executed the Petition for the Debtor, failed to appear at the First Meeting of Creditors, has failed to comply with the United States Trustee's requests for required documentation and information in connection with its Chapter 11 filing, and that he is federal custody, having escaped from custody shortly prior to the scheduled Meeting of Creditors and having since been recaptured.

11.     The Non-Occupancy Rider, attached to Saxe's Deed of Trust (Exhibit B), executed by Brugnara Properties VI by Luke D. Brugnara, President, states that "Borrower attests that the subject property is not his principal residence and he has no intention of occupying it as such".

1     12.    I am informed and believe that Kay Brugnara, wife of Luke D. Brugnara appeared

2     at the Meeting of Creditors and represented that she is the 100% shareholder of the Debtor and

3     that she is currently residing in the Property.   I am further informed and believe that since she did

4     not execute the bankruptcy documents, she was not authorized to represent the Debtor at the

5     Meeting of Creditors.

6          I declare under penalty of perjury under the laws of the State of California that the

7     foregoing is true and correct.   If called to testify in this action as to the matters set forth in this

8     Declaration, I could and would competently testify thereto, as the facts set forth herein are

9     personally known to me to be true, or are based on information and belief, in which case I believe

10    them to be true.

11         Executed on this 2nd day of March, 2015 at Daly City, California.

12                          /s/ Gene Kristul
13                          Gene Kristul

# NOTE SECURED BY A DEED OF TRUST

Loan Number: █████████     Date: 06/25/2013          Daly City, California

224 SEA CLIFF AVE., SAN FRANCISCO, CA 94121
Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $1,700,000.00 (this amount will be called "principal"), plus interest, to the order of [See Addendum Attached] (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences (estimated) on 06/27/2013, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are  ☑ Interest Only   ☐ Fully Amortized   ☐ Other

I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 35 | Monthly beginning August 15, 2013 | 12.00% | $17,000.00 |
| 1 | July 15, 2016 | 12.00% | $1,717,000.00 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on 07/15/2016 (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to Yeva, Inc. dba Saxe Mortgage Company, 950 John Daly Blvd., #200 Daly City CA 94015, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 10.000% of my overdue payment or U.S. $1,700.00, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I agree to pay a prepayment penalty computed as follows: There is a 90 days prepayment penalty from the date of recordation of the Deed of Trust securing the within Note. The penalty is calculated as 3 months interest. A prepayment is defined as a payment of principal of the loan, in whole or in part, whether such payment is made voluntary or involuntary, and I agree to pay this prepayment

EXHIBIT _____ A _____

penalty.

## 6. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7. RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8. THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

## 9. GUARANTEE

As lender, **Yeva, Inc. dba Saxe Mortgage Company** requires the mortgage obligation of BRUGNARA PROPERTIES VI, A CALIFORNIA CORPORATION be personally guaranteed by Luke D. Brugnara (herein known as "Borrower"). Borrower personally guarantees the mortgage obligation of BRUGNARA PROPERTIES VI, A CALIFORNIA CORPORATION as stated in the Promissory Note attached and incorporated herein.

Personally Guaranteed By:

| Borrower BRUGNARA PROPERTIES VI, By LUKE D. BRUGNARA, President | Date 7/10/13 | Borrower LUKE D. BRUGNARA | Date 7/10/13 |

---

## ASSIGNMENT OF NOTE
## SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:

all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

Case: 14-31867    Doc# 20    Filed: 03/02/15    Entered: 03/02/15 15:37:39    Page 6 of 21

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

Applied Business Software, Inc. (800) 833-3343
Note Secured by Deed of Trust

# Yeva, Inc. DBA Saxe Mortgage Company
## 950 John Daly Blvd., #200 Daly City CA 94015

## ADDENDUM TO PROMISSORY NOTE
### BENEFICIARIES

| Escrow Number: | 1117011783 |
|---|---|
| Borrowers: | BRUGNARA PROPERTIES VI, By LUKE D. BRUGNARA, President |

| Beneficiary Name(s) and Vesting | Loan Funds Deposited | Beneficial Interest | Date Funds Deposited |
|---|---|---|---|
| Theodore J. Gradman Ph. D. 401K Plan | $300,000.00 | 17.647% | |
| Umbert C. Von Hofen and Kathleen A. Von Hofen, Trustees UDT dtd 4/6/2000 | $170,000.00 | 10.00% | |
| Robert J. Malone trustee of The Robert J. Malone Agreement of Trust dtd 9/28/07 | $170,000.00 | 10.00% | |
| Lynne S. Tilsen, Trustee of Lynne S. Tilsen Living Trust Established 11/8/1990 | $170,000.00 | 10.00% | |
| Oksana Borzina, a single woman | $170,000.00 | 10.00% | |
| Jeff Mogalian, a single man | $170,000.00 | 10.00% | |
| Jhoanne Loube' | $160,000.00 | 9.412% | |
| Rachel Gishkin, a married woman as her sole and separate property | $150,000.00 | 8.824% | |
| Arkvest LLC by Kathryn Gaehwiler, Managing Member | $140,000.00 | 8.235% | |
| Hilary A. Perr, a married woman as her sole and separate property | $100,000.00 | 5.882% | |

Case: 14-31867    Doc# 20    Filed: 03/02/15    Entered: 03/02/15 15:37:39    Page 8 of 21

Recorded at the Request of
Old Republic Title Company
Oakland 1117011783

Recording Requested By
SAXE MORTGAGE COMPANY

When Recorded Mail To
SAXE MORTGAGE COMPANY
950 JOHN DALY BLVD., #200
DALY CITY, CA 94015



San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2013-J705008-00
Acct 4-OLD REPUBLIC Title Company
Friday, JUL 12, 2013 08:00:00
Ttl Pd $42.00 Rcpt # 0004736110
REEL K937 IMAGE 0178
ofa/FT/1-9

Title Order No. 1117011783

Lot 0015 ; Block 1307
224 Sea Cliff Ave
San Francisco Ca 94121

Loan No. 20130625

Space above this line for recorder's use

## DEED OF TRUST

This Deed of Trust, made this **25th** day of **June 2013**, among the Trustor, **BRUGNARA PROPERTIES VI, A CALIFORNIA CORPORATION** (herein "Borrower"), **Yeva, Inc. dba Saxe Mortgage Company** (herein "Trustee"), and the Beneficiary, **[See Addendum Attached]** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

### GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **SAN FRANCISCO**, State of California: **SEE ATTACHED LEGAL DESCRIPTION**, which has the address of **224 SEA CLIFF AVE., SAN FRANCISCO, CA 94121** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **06/25/2013**, in the principal sum of U.S. **$1,700,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.
**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments,

**EXHIBIT** B

Case: 14-31867   Doc# 20   Filed: 03/02/15   Entered: 03/02/15 15:37:39   Page 9 of 21

if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the

Case: 14-31867   Doc# 20   Filed: 03/02/15   Entered: 03/02/15 15:37:39   Page 10 of 21

condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Yeva, Inc. dba Saxe Mortgage Company, 950 John Daly Blvd., #200 Daly City CA 94015** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

Case: 14-31867   Doc# 20   Filed: 03/02/15   Entered: 03/02/15 15:37:39   Page 11 of 21

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which such property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the sum secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to

Case: 14-31867   Doc# 20   Filed: 03/02/15   Entered: 03/02/15 15:37:39   Page 12 of 21

perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

## REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____, Page(s) _____, Instrument No._____, Official Records of County Recorder of _____ County, California. The original Trustor _____ and the original Trustee _____ and the original Beneficiary_____
Mail to:

### IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

_____  7/5/13          _____
Borrower   BRUGNARA PROPERTIES VI, By   Date   Borrower                        Date
           LUKE D. BRUGNARA, President

State of California
County of _alameda_

On _7/5/2013_ before me, _Jennifer Senhaji, notary public,_
personally appeared _Luke D. Brugnara_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____  (Seal)
Signature   _Jennifer Senhaji_

JENNIFER SENHAJI
Commission # 1971420
Notary Public - California
Alameda County
My Comm. Expires Mar 8, 2016

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____   _____   _____   _____
Signature of Beneficiary (the "LENDER")   Date   Signature of Beneficiary (the "LENDER")   Date
When recorded, mail to
Att: _____

Applied Business Software, Inc. (800) 833-3343
Deed of Trust

20130625/BRUGNARA
Page 5 of 5

Case: 14-31867   Doc# 20   Filed: 03/02/15   Entered: 03/02/15 15:37:39   Page 13 of 21

# EXHIBIT A

The land referred to is situated in the County of San Francisco, City of San Francisco, State of California, and is described as follows:

Beginning at a point on the Northerly line of Seacliff Avenue, distant thereon 74.302 feet Westerly from the Southwesterly corner of Lot No. 76 of Subdivision No. 1 of Sea Cliff in the City and County of San Francisco, State of California, according to Map thereof recorded April 1, 1913, in Book "G" of Maps, Page 98 and 99, in the Office of the Recorder of the City and County of San Francisco, State of California; running thence Westerly along the said line of Seacliff Avenue 54.493 feet; thence North 3° 23' West 132.071 feet; thence North 88° East 29.011 feet; thence North 4° 30' 29" East 42.240 feet to a line of ordinary high tide of the waters of the Pacific Ocean; thence North 64° 48' 40" East along said line of ordinary high tide 21.122 feet; thence South 3° 23' East 178.127 feet to the point of beginning.

Assessor's Lot 001S; Block 1307

Case: 14-31867    Doc# 20    Filed: 03/02/15    Entered: 03/02/15 15:37:39    Page 14 of 21

# EXHIBIT A

The land referred to is situated in the County of San Francisco, City of San Francisco, State of California, and is described as follows:

Beginning at a point on the Northerly line of Seacliff Avenue, distant thereon 74.302 feet Westerly from the Southwesterly corner of Lot No. 76 of Subdivision No. 1 of Sea Cliff in the City and County of San Francisco, State of California, according to Map thereof recorded April 1, 1913, in Book "G" of Maps, Page 98 and 99, in the Office of the Recorder of the City and County of San Francisco, State of California; running thence Westerly along the said line of Seacliff Avenue 54.493 feet; thence North 3° 23' West 132.071 feet; thence North 88° East 29.011 feet; thence North 4° 30' 29" East 42.240 feet to a line of ordinary high tide of the waters of the Pacific Ocean; thence North 64° 48' 40" East along said line of ordinary high tide 21.122 feet; thence South 3° 23' East 178.127 feet to the point of beginning.

Assessor's Lot 001S; Block 1307

# Yeva, Inc. DBA Saxe Mortgage Company
## 950 John Daly Blvd., #200 Daly City CA 94015

## ADDENDUM TO DEED OF TRUST
### BENEFICIARIES

| Escrow Number: | 1117011783 |
|---|---|
| Borrowers: | BRUGNARA PROPERTIES VI, By LUKE D. BRUGNARA, President |

| Beneficiary Name(s) and Vesting | Loan Funds Deposited | Beneficial Interest | Date Funds Deposited |
|---|---|---|---|
| Theodore J. Gradman Ph. D. 401K Plan | $300,000.00 | 17.647% | |
| Umbert C. Von Hofen and Kathleen A. Von Hofen, Trustees UDT dtd 4/6/2000 | $170,000.00 | 10.00% | |
| Robert J. Malone trustee of The Robert J. Malone Agreement of Trust dtd 9/28/07 | $170,000.00 | 10.00% | |
| Lynne S. Tilsen, Trustee of Lynne S. Tilsen Living Trust Established 11/8/1990 | $170,000.00 | 10.00% | |
| Oksana Borzina, a single woman | $170,000.00 | 10.00% | |
| Jeff Mogalian, a single man | $170,000.00 | 10.00% | |
| Jhoanne Loube' | $160,000.00 | 9.412% | |
| Rachel Gishkin, a married woman as her sole and separate property | $150,000.00 | 8.824% | |
| Arkvest LLC by Kathryn Gaehwiler, Managing Member | $140,000.00 | 8.235% | |
| Hilary A. Perr, a married woman as her sole and separate property | $100,000.00 | 5.882% | |

**SAXE MORTGAGE COMPANY**
950 JOHN DALY BLVD., #200,
DALY CITY, CA 94015
TEL. (650) 755-7293 FAX (650) 755-7064

Borrower Name: BRUGNARA PROPERTIES VI, a California Corporation By LUKE D.
BRUGNARA, President         Court Redacted:
Loan Number: ███████         3/2/16

## NON-OWNER OCCUPANCY RIDER

Borrower is taking out a loan from Saxe Mortgage Company in the amount of
$1,700,000.00 secured by a second deed of trust on the property known as 224 Seacliff
Ave., San Francisco, CA 94121
Borrower attests that the subject property is not his principle residence and he has no
intention of occupying it as such.

Dated ___7/5/13___

Borrower _____
BRUGNARA PROPERTIES VI By LUKE D. BRUGNARA, President

State of California
County of ___Alameda___

On ___7/5/2013___ before me, ___Jennifer Senhaji, notary public___,
personally appeared ___Luke D. Brugnara___
_____

Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature ___Jennifer Senhaji___         (Seal)

JENNIFER SENHAJI
Commission # 1971420
Notary Public - California
Alameda County
My Comm. Expires Mar 8, 2016

RECORDING REQUESTED BY

6

AND WHEN RECORDED MAIL TO

GOLDEN WEST FORECLOSURE SERVICE, INC.
The Monterey Offices
611 Veterans Blvd., Suite 217
Redwood City, CA 94063-1401

Lot 001S, Block 1307
224 Sea Cliff Ave., San Francisco, CA 94121

San Francisco Assessor-Recorder
Carmen Chu, Assessor-Recorder
DOC- 2014-J957702-00
Check Number  5243
Thursday, OCT 02, 2014 14:43:06
Ttl Pd      $30.00      Rcpt # 0005026968
                                  cma/FT/1-5

Court Read..
3/3/15

Trustee Sale No. 7547  Loan No. ▮▮▮▮▮  Title Order No. 91202320          Space above this line for recorder's use only

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED*
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

*PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$40,689.60** as of **10/01/2014** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

EXHIBIT _____ G_____

Court Redacted:
3/3/15

Trustee Sale No. 7547  Loan No.████████  Title Order No. 91202320

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: SEE ADDENDUM ATTACHED HERETO, C/O SAXE MORTGAGE COMPANY, C/O GOLDEN WEST FORECLOSURE SERVICE, INC., 611 Veterans Blvd., Suite 217, Redwood City, CA 94063-1401. Phone: (650) 369-5505.

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.  NOTICE IS HEREBY GIVEN THAT: GOLDEN WEST FORECLOSURE SERVICE, INC. is the duly appointed Trustee under a Deed of Trust dated 06/25/2013, executed by BRUGNARA PROPERTIES VI, A CALIFORNIA CORPORATION, as trustor, to secure obligations in favor of SEE ADDENDUM ATTACHED HERETO, as Beneficiary Recorded on 07/12/2013 DOC-2013-J705008-00 REEL K937 IMAGE 0178 of official records in the Office of the Recorder of San Francisco County, California, as more fully described on said Deed of Trust. including the note(s) for the sum of $1,700,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: FAILURE TO MAKE THE 08/15/2014 INSTALLMENT OF PRINCIPAL AND/OR INTEREST AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES, FORECLOSURE/ATTORNEY'S FEES, AND ALL OTHER SUMS DUE AND PAYABLE UNDER ALL OF THE TERMS AND CONDITIONS OF THE NOTE AND DEED OF TRUST. SHOULD ANY SENIOR LIENS, INCLUDING REAL ESTATE TAXES AND/OR INSURANCE BE OR BECOME DELINQUENT IT SHALL BE A REQUIREMENT OF THE BENEFICIARY THAT THESE BE BROUGHT CURRENT WITH SUPPORTED PROOF BEFORE ANY REINSTATEMENT.   ALSO  ANY AND ALL ADVANCES BY THE BENEFICIARY TO PROTECT THEIR SECURITY MUST BE REIMBURSED AT REINSTATEMENT.

2

OCT. 2. 2014 2:26PM    TITLE FAX                                    VO. 024   F. 15

Trustee Sale No. 7547  Loan No. ▓▓▓▓▓  Title Order No. 91202320

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

A declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.

DATE: <u>10/1/14</u>

GOLDEN WEST FORECLOSURE SERVICE, INC., as Trustee

Michael D. Orth, President

Case: 14-31867    Doc# 20    Filed: 03/02/15    Entered: 03/02/15 15:37:39    Page 20 of 21



# axe Mortgage Company

950 John Daly Blvd. Suite 200, Daly City, CA 94015
Tel: (650) 755-7293 / Fax: (650) 755-7064

2/4/2015

BRUGNARA PROPERTIES VI, By LUKE D. BRUGNARA, President
2785 S. MONTE CRISTO WAY
LAS VEGAS, NV 89117
Account: ▮▮▮▮▮▮▮

*Court Redacted:*
*3/3/15*

## BENEFICIARY'S DEMAND FOR PAYOFF

Dear BRUGNARA PROPERTIES VI, By LUKE D. BRUGNARA, President,

You are authorized to use the following amounts to payoff the above-mentioned loan. All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 2/4/2015 |
|---|---|
| Maturity Date | 7/15/2016 |
| Next Payment Due | 8/15/2014 |
| Interest Rate | 12.000% |
| Interest Paid-To Date | 7/15/2014 |
| Principal Balance | $1,700,000.00 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 7/15/2014 To 2/4/2015 | $114,575.34 |
| Unpaid Late Charges | $0.00 |
| Accrued Late Charges | $10,200.00 |
| Unpaid Charges | $0.00 |
| Prepayment Penalty | $0.00 |
| Processing Fee | $300.00 |
| Legal Fees | $5,000.00 |
| Foreclosure Fees | $5,076.44 |
| Trust Balance | $0.00 |
| Payoff Amount | $1,835,151.78 |

Please add $558.90 for each additional day past 2/4/2015.

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff. **Please note that this demand expires on 2/25/2015**, at which time you are instructed to contact this office for additional instructions.

If you have any questions, please do not hesitate to give us a call.

Sincerely,

Gene Kristul
President

EXHIBIT ___ *D*

