MATTHEW D. METZGER (SBN 240437)
mmetzger@belvederelegal.com
BELVEDERE LEGAL, PC
1777 Borel Place, Suite 314
San Mateo, CA 94402
Telephone:     (415) 513-5980
Facsimile:      (415) 513-5985

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISON

| | |
|---|---|
| In re | ) Case No. 14-31867 DM 11 |
| **BRUGNARA PROPERTIES VI, a California corporation;** | ) Chapter 11 |
| **Debtor(s).** | ) Date:   July 17, 2015 <br> ) Time:   10:00 a.m. <br> ) Place:   235 Pine St., 22nd Floor <br>          San Francisco, California |
| **Tax ID:  EIN: XX-XX3281** | ) Judge:  Honorable Dennis Montali |

## MOTION TO DISMISS CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

COMES NOW, the above-captioned Debtor and Debtor-in-Possession, Brugnara Properties, VI (the "DIP"), by and through counsel, which entity hereby moves to dismiss the above-captioned chapter 11 bankruptcy case. The motion is based on this Motion, the accompanying memorandum of points and authorities, the Declaration of Matthew D. Metzger filed in support, as well as the filings and docket history of the instant case.

The DIP respectfully represents as follows.

## I. JURISDICTION AND VENUE

This Court has jurisdiction to hear and determine this Motion pursuant to 28 U.S.C. §§ 1334 and 157. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory authority for the Motion is Sections 1112(b) of the Bankruptcy Code.

## II. STATEMENT OF FACTS

1. On December 31, 2014, the DIP filed an emergency skeleton chapter 11 case to stop a foreclosure sale on the real property of the estate commonly known as 224 Sea Cliff Ave. San Francisco, CA 94121 (the "Subject Property").

2. On March 2, 2015, junior secured lienholder Saxe Mortgage Company ("Saxe") filed a Motion for Relief from Stay.

3. On April 3, 2015, the Court granted the DIP's application to employ Matthew D. Metzger as counsel for the DIP and the estate.

4. On April 16, 2015, the Court held a contested hearing on Saxe's Relief from Stay Motion.

5. At said hearing, the DIP explained that the DIP's intention was to refinance Saxe's junior lien but the Debtor would liquidate the Subject Property in the event that the DIP were unable to find a lender that would agree to refinance the Saxe junior lien.

-1-

6. On April 22, 2015, the Court granted Saxe's Relief from Stay Motion effective July 27, 2015.

7. On April 27, 2015 the Court granted the DIP's application to employ Shaban Shakoori of Coldwell Banker as the estate's broker.

8. Since the petition filing, the Interim President of the DIP, Ms. Katherine Brugnara, has met and conferred with lenders in order to identify, on behalf of the estate, which lender would agree to refinance Saxe at the most favorable terms to the estate.

9. Ms. Brugnara has notified the DIP's counsel, Mr. Metzger, that Ms. Brugnara has identified a lender with the most favorable terms and now wishes move ahead with the refinance.

10. As a result, Ms. Brugnara has issued a written request to Mr. Metzger that Mr. Metzger file a motion for approval to dismiss the case, as the petition no longer serves a bankruptcy purpose.

11. The filed schedules indicate only the following creditors.

| Source | Creditor | Amount |
|---|---|---|
| Schedule D | Wells Fargo Home Mortgage | $6,154.000.00 |
| Schedule D | Saxe Mortgage Co. | $1,700,000.00 |
| Schedule F | Erik Babcock | $15,000.00 |
| Schedule F | Priscilla Harley | $10,000.00 |
| Claim 1-1 | Franchise Tax Board | $1,365.15 |
| Claim 2-1 | SFPUC-Water Department | $1,411.94 |
| Claim 3-1 | Internal Revenue Service | $400.00 |

12. The filed claims only the following creditors.

| Claim | Creditor | Amount |
|---|---|---|
| Claim 1-1 | Franchise Tax Board | $1,365.15 |
| Claim 2-1 | SFPUC-Water Department | $1,411.94 |
| Claim 3-1 | Internal Revenue Service | $400.00 |
| | Total Unsecured Claimed | $3,177.09 |
| | Total Priority Unsecured Claimed | $1,659.34 |

-2-

## III. RELIEF REQUESTED

By this Motion, the DIP seeks and order dismissing the above-captioned chapter 11 bankruptcy case.

## IV. DISCUSSION / MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT

Section 1112(b)(1) of the Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), provides in pertinent part as follows:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate

11 U.S.C. § 1112(b)(1).

The factors listed in § 1112(b)(4) are not exhaustive, and the bankruptcy court has wide discretion to determine if cause exists to convert or dismiss a chapter 11 case. *See generally, In re Johnston*, 149 B.R. 158 (9th Circ. B.A.P. 1992), *In re AmeriCERT, Inc.,* 360 B.R. 398, 401 (Bankr. D.N.H. 2007) ("The list is not exhaustive . . . a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."); *In re Jayo*, 2006 WL 2433451, *6 (Bankr. D. Idaho July 28, 2006) ("In [the Ninth] Circuit, the court has discretion to consider alleged causes not specifically listed in §1112(b).")

Here, as the above facts indicate, the petition no longer serves any bankruptcy purpose. Ms. Brugnara has identified a new lender that will agree to refinance Saxe's secured junior lien. Ms. Brugnara wishes to consummate a refinancing agreement, provided the Court agrees to dismiss the bankruptcy case. As a result, Ms. Brugnara has instructed Mr. Metzger to file the instant motion to dismiss case.

The amounts claimed by unsecured claimants are effectively de-minimus and said claimants also will receive service of the instant motion. Additionally, the two unsecured claimants listed on Schedule F apparently have past or present relationships with the DIP. Ms.

-3-

Case No. 14-31867 DM 11, *In Re Brugnara Properties, VI*
MOTION TO DISMISS CASE; MPA IN SUPPORT

1  Harley performed pre-petition gardening services for the DIP.  Mr. Babcock performed pre and
2  post-petition legal services but Mr. Babcock was never employed officially as counsel for the
3  estate and any claim for post-petition fees by Mr. Babcock would not be allowed.

4      The secured lienholders will *benefit* by the dismissal of the instant action insofar as the
5  automatic stay will terminate and said lienholders will thus be able to pursue remedies under state
6  law.

7      Additionally, conversion to chapter 7 would provide no benefit to the estate and its
8  creditors.  The Court already has entered an order for relief from stay effective July 27, 2015,
9  authorizing Saxe to proceed with foreclosure on or after July 27, 2015.  As the Schedules
10 indicate, the only asset of the estate is the Subject Property.  Thus, even if the estate were
11 converted to Chapter 7, there no real chance of any recovery to creditors in light of the fact that
12 Saxe may foreclose on the Subject Property as soon as July 27, 2015.

13     For the above reason, the DIP respectfully submits that dismissal of the case is in the best
14 interests of the estate and its creditors.

### V. **NOTICE**

    The DIP has served on all creditors via US Mail the Notice of Hearing on Motion to Dismiss Case, the Motion, the Memorandum of Points and Authorities, and the Declaration of Matthew D. Metzger filed in support.

### VI. **CONCLUSION**

    WHEREFORE, PREMISES CONSIDERED, the DIP respectfully requests that the Court enter an order dismissing the above-captioned chapter 11 bankruptcy case.

Respectfully submitted this 19th day of June, 2015

                                                      BELVEDERE LEGAL, PC

                                                      By:   /s/
                                                              MATTHEW D. METZGER
                                                              *Attorneys for Debtor*

-4-